

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGIL PINERO NARVAEZ,<br><br>Petitioner-Appellant,<br><br>v.<br><br>L. E. SCRIBNER, Warden<br><br>Respondent-Appellee. | No. 10-56485<br><br>D.C. No. CV-08-03932-PSG-<br><br>DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 28, 2013[**]
Pasadena, California

Before:     GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District
Judge.[***]

Appellant Virgil Pinero Narvaez appeals the district court's denial of his 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

U.S.C. § 2254 habeas petition, which challenges his conviction for three counts of lewd acts upon a child under the age of 14 years based on ineffective assistance of counsel by failing to make a closing argument.  We affirm.

Under Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus relief that was adjudicated on the merits in state court cannot be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). AEDPA thus imposes a "highly deferential" standard of review that "demands that state-court decisions be given the benefit of the doubt." *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013).   Here, the district court properly reviewed the California Court of Appeal's decision as the last, and only,  reasoned decision by a state court on Narvaez's ineffective assistance of counsel claim.  *See id*. at 1157-58 (because the state's supreme court summarily denied the habeas petition, the federal court must "look through" the state's supreme court judgment to the last reasoned state-court decision on petitioner's current federal claims).   Narvaez fails to show that the California Court of Appeal's rejection of his ineffective assistance of counsel claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

2

*Harrington v. Richter*, 562 U.S. __, 131 S.Ct. 770, 786-87 (2011); *see also*

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Narvaez correctly cites *Strickland v. Washington*, 466 U.S. 668 (1984) and *Bell v. Cone* 535 U.S. 685 (2002) as the relevant "clearly established Federal law" for an ineffective assistance of counsel claim based on waiver of closing argument. 28 U.S.C. § 2254(d); *see also Weighall v. Middle*, 215 F.3d 1058 (9th Cir. 2000). However, he incorrectly urges that waiver of closing argument can only be non-prejudicial when defense counsel makes that decision within hours of delivering an opening statement in order to remind jurors of inconsistencies in the prosecution's case. Regarding the short time frame, the Supreme Court in *Bell* analyzed the state court's determination that the waiver of closing argument would always amount to deficient performance, not its review of prejudice. *Bell*, 535 U.S. at 701. In addition, *Bell* was based on a review of the entire record, not just a consideration of temporal circumstances. It held that *Strickland* requires courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Id*. at 702, (quoting *Strickland*, 466 U.S. at 689). Deference is particularly due when applying the *Strickland* test. "The more general the rule, the more leeway courts have in

3

reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664; *see also Richter*, 131 S.Ct. at 788 (describing the *Strickland* standard as a general one).

The California Court of Appeal required a showing by Narvaez that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for his defense counsel's unprofessional errors, the result of trial would have been different. By waiving closing argument, the court noted that Narvaez's counsel could have "reasonably. . .concluded that there was no need to reiterate the straightforward defense or give the prosecutor a second opportunity to argue."

Narvaez argues that in the context of emotionally charged incestuous child abuse and rape charges, the trial jury needed the guidance of closing argument to refocus on the facts, remind them of their duty to be dispassionate, and respond to the prosecutor's "eloquent attempt to minimize the inconsistencies and various flaws in his case." However, the state courts and district court correctly found that counsel "thoroughly" presented the defense without closing argument by delivering a detailed opening statement, effectively cross-examining the victim, soliciting favorable defense testimony, and presenting defense exhibits. The courts also reasoned that the jury's inability to reach a verdict on the forcible rape charge further supported a finding that the jury "understood and considered petitioner's defense." Under the

foregoing circumstances, the state court correctly noted that the decision to waive closing argument was a reasonable strategic choice because the waiver denied the prosecution the opportunity to argue in response.

At most, petitioner's claims amount to "fairminded disagreement" with the state court's well-justified ruling. As such, we cannot say that the state court's application of the relevant standards under *Strickland* and *Bell* was objectively unreasonable or contrary to federal law.

**AFFIRMED.**